IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STX, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>STRINGKING, INC.<br><br>   Defendant. | C.A. No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, STX, LLC, through its undersigned counsel, for its Complaint against StringKing, Inc., alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

## THE PARTIES

**A.   THE PLAINTIFF**

2. Plaintiff STX, LLC ("STX") is a limited liability company organized and existing under the laws of the State of Maryland and has a principal place of business at 1500 Bush Street, Baltimore, Maryland, 21230.

3. STX manufactures lacrosse and other sporting goods equipment, including lacrosse gloves, for sale in this District, in the United States, and throughout the world. Since its formation in the late 1960's, STX has been known, deservedly, as a highly-talented innovator in the field of lacrosse and other sports equipment. Indeed, over the years STX and STX personnel have been awarded over 100 patents by the United States Patent and Trademark Office.

B.     THE DEFENDANT

4.     Defendant StringKing, Inc. ("StringKing") is a corporation formed in 2020, organized and existing under the laws of the State of Delaware.

5.     StringKing manufactures lacrosse equipment, including a lacrosse glove known as "Flyer1," for sale in this District and in the United States, and is selling and offering to sell them in this District and in the United States, including at Dick's Sporting Goods stores.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the subject matter of the claims asserted in this action under 28 U.S.C. §§ 1331 and 1338(a).

7.     This Court has personal jurisdiction over StringKing because StringKing is incorporated under the laws of the State of Delaware, is doing business in this District, has committed acts of infringement in this District, and has caused harm or tortious injury in this District by acts therein.

8.     Venue properly lies in this judicial district under 28 U.S.C. § 1400(b) because StringKing resides in this district by virtue of the fact that it is incorporated under the laws of the State of Delaware

## PATENT INFRINGEMENT – U.S. PATENT NO. 12,274,930

9.     STX is the exclusive licensee of, and has the right to sue to enforce, United States Patent No. 12,274,930 (the "'930 patent"), which issued on April 15, 2025, for an invention entitled "Stitchless Dorsal Padding For Protective Sports Gloves And Other Protective Gear." A copy of the '930 patent is attached hereto as **Exhibit A.**

10. The license to STX from its affiliate, Wm. T. Burnett, IP, LLC, grants STX the exclusive right to make, use, sell, offer to sell, import and/or license lacrosse gloves incorporating the invention claimed in the '930 patent.

11. This case primarily involves the construction of the back of hand portion of the protective glove invention claimed in the '930 patent.

12. Unlike the invention claimed in the '930 patent, and prior to that invention, the back of hand of a lacrosse glove was part of a cut- and - sew process in which foam block padding segments that are often die cut are then covered with fabric material. The material is stitched down at various locations into a scrim material lying beneath the foam block layer, including along the edges of the finger sections. Cut-and-sew gloves preceding '930 gloves look like this, and remain available in the marketplace today:



13. The back of hand portion claimed in the '930 patent is markedly different. Specifically, it can consist of a unitary molded part that features finger sections, a back of hand section, blocks designed for protection and angled flanges around the part's periphery. A thin zero elevation scrim can be attached (e.g. sonic welded) to the molded part opposite the blocks. No secondary material is added or sewn to the molded part's outer/block surface. '930 gloves in the marketplace today look like this:



14. The Summary of the Invention as set out in the '930 patent describes "a unitary dorsal panel that includes a main section configured to correspond to the back of the wearer's hand, and five finger sections each protruding from said main section, plus a substantially contiguous boarder flange surrounding the entire unitary dorsal panel, including main section and finger sections. Each of the main section and all five finger sections bear a waffle-pattern array of foam protective pads formed as individual islands raised from substantially zero-elevation surface. The foam protective pads are separated from each other by interstitial channels having a minimum width within a range of 1-4mm. The substantially contiguous border flange surrounds the entire unitary dorsal panel and protrudes therefrom at a bevel angle. The glove includes a palmer section

fused, welded, stitched, molded or otherwise connected to the border of the dorsal panel." An embodiment of the single-piece back of hand is shown in Figure 2 of the '930 patent, shown below and marked for this Complaint:



15. The stitchless back of hand of the '930 patent provides substantial benefits to lacrosse players who use lacrosse gloves that have the inventive design. Some of those benefits of the '930 patent are found at col 5., lines 61-67 and col. 6., line 1:

> The particular pattern of foam protective pads **54** can be designed to provide increased protection to the dorsal side of the user's fingers and hands while maintaining as much flexibility within the glove and tactile feel as possible. Flexibility is desired by the wearer so as to impart freedom of movement to the fingers, hand, wrists, and lower forearms needed to properly participate in lacrosse, hockey, or others sports matches where [sic] protection is required to reduce injury.
> Comfort is also important and toward this end, venting may be provided through the scrim material between the discrete pads **54**. Specifically, said scrim material may include one or more pass-through vents between discrete pads **54** for improved air circulation.

5

16. Since the issuance of the '930 patent in 2025, further improving the innovation of the parent patent 10,201,744 issued in 2015, while still relying on the parent specification, STX has manufactured and sold with great acceptance various products with the back of hand features covered by these patents. These products include the RZR, RZR2, and LZR lacrosse gloves, each with a version of the inventive back of hand.

17. Earlier this year, Defendant StringKing entered the lacrosse glove market with its first ever lacrosse glove product, known as "Flyer1." Although claiming that its Flyer1 lacrosse glove's "innovative design revolutionizes stick handling, providing unmatched feel," the glove has a back of hand design that infringes on one or more of the claims of the '930 patent, as illustrated in the patent claim chart attached as **Exhibit B.**

18. StringKing has actively promoted and documented the development of its Flyer1 glove, showing a particular interest in STX's RZR model gloves in the process. For example, on its social media platform touting the Flyer1 development, STX's patented RZR glove is not only mentioned, but clearly present in the workspace of a StringKing product developer. See **Exhibit C.**

19. StringKing has infringed, and continues to infringe on one or more claims of the '930 patent by making, using, offering to sell, and selling lacrosse gloves under the name "Flyer1" ("the Accused Products") throughout the United States, including in this Judicial District, which embody or are covered by the '930 claims and are in competition with the enumerated STX lacrosse gloves.

20. StringKing has had constructive notice of STX's '930 patent since its issuance on April 15, 2025 in accordance with 35 U.S.C. § 287(a). At the time the '930 patent issued, STX

updated its RZR glove website page with the patent number to give notice of its back of hand glove invention. See **Exhibit D**.

21. Instead of acknowledging and respecting STX's intellectual property rights, StringKing continued to manufacture, sell and market the Accused Products without a license in defiance of STX's patent rights.

22. StringKing's infringement is deliberate, willful, wanton, and intentional.

23. StringKing has caused and will continue to cause STX substantial damages and injury by virtue of its past and continuing infringement of the '930 patent -- including STX's loss of unique product positioning and lost profits due to lost sales of STX's gloves incorporating the '930 invention.

24. STX will suffer further damage and injury unless and until StringKing is enjoined by this Court from continuing such infringement. The damage caused by StringKing is irreparable and cannot be adequately compensated for in money damages.

## PRAYER FOR RELIEF

WHEREFORE, STX respectfully requests that Judgment be entered that StringKing has infringed valid claims of the '930 patent and that STX be granted the following relief:

(a) Entry of a preliminary injunction pending resolution of this action and a permanent injunction thereafter restraining StringKing, its officers, agents, servants, attorneys and all persons acting in concert with StringKing from further acts of infringement of the '930 patent;

(b) An accounting of damages, and an award of damages sufficient to compensate STX for StringKing's infringement of the '930 patent; including, where applicable and permitted by law, enhanced, punitive, treble and/or statutory damages (including damages under 35 U.S.C. § 284);

(c) An award of prejudgment interest pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '930 patent by StringKing until the day a damages judgment is entered herein, and a further award of post judgment interest, pursuant to 28 U.S.C. § 1961, continuing thereafter until such judgment is paid;

(d) An award of increased damages in an amount not less than three times the amount of damages found by the jury or assessed by this Court, for StringKing's willful and wanton acts of infringement, pursuant to 35 U.S.C. § 284;

(e) That STX recover from StringKing an award of STX's reasonable attorneys' fees, pursuant to 35 U.S.C. § 285, and STX's costs of suit, pursuant to 35 U.S.C. § 284;

(f) Such other and further relief as this Court shall deem appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues triable to a jury.

Dated: November 6, 2025

Respectfully submitted,

/s Stephanie S. Riley
Stephanie S. Riley (#5803)
WOMBLE BOND DICKINSON (US) LLP
1313 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Stephanie.Riley@wbd-us.com

*Attorney for STX, LLC*

*Of Counsel:*

James K. Archibald (*pro hac vice* forthcoming)
Special Counsel
STX, LLC
1500 Bush Street
Baltimore, MD  21230
Telephone: (443) 253-8833
Facsimile: (410) 454-0141
jima@wmtburnett.com