# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| STX, LLC, | |
| Plaintiff, | |
| v. | C.A. No.: 25-1359-JLH-EGT |
| STRINGKING, INC. | |
| Defendant. | |

**PLAINTIFF STX, LLC'S CONCISE STATEMENT OF MATERIAL FACTS
TO WHICH THERE IS A GENUINE ISSUE TO BE TRIED**

*Of Counsel:*

James K. Archibald
Special Counsel
STX, LLC
1500 Bush Street
Baltimore, MD 21230
Telephone: (443) 253-8833
jima@wmtburnett.com

Barry J. Herman
Julie C. Giardina
WOMBLE BOND DICKINSON (US) LLP
100 Light Street, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Barry.Herman@wbd-us.com
Julie.Giardina@wbd-us.com

Dated: April 24, 2026

Stephanie S. Riley (#5803)
Alexander P. Wharton (#7304)
WOMBLE BOND DICKINSON (US) LLP
1313 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Stephanie.Riley@wbd-us.com
Alexander.Wharton@wbd-us.com

*Attorneys for STX, LLC*

In conjunction with Defendant StringKing, Inc.'s ("StringKing") Motion for Partial Summary Judgment on Priority Date (D.I. 62, "Motion"), StringKing failed to provide "a separate concise statement [detailing] each material fact that [StringKing] contends is essential for the Court's resolution of the [Motion] and as to which [StringKing] contends there is no genuine issue to be tried," as required by the Scheduling Order (D.I. 22 ¶ 16(b)). Because StringKing did not submit the required concise statement, Plaintiff STX, LLC ("STX") is unable to include with its Opposition "a response to [StringKing's] concise statement ... which admits or disputes the facts set forth ... on a paragraph-by-paragraph basis," as contemplated by the same provision. In the absence of any such statement, STX does not concede to the truth of any factual assertion made by StringKing, including any assertion that StringKing may raise for the first time in its reply brief and characterize as undisputed. STX expressly reserves all rights and objections in this regard.

StringKing's failure to file a separate concise statement with numbered paragraphs is not merely a procedural oversight—it is a deficiency that underscores the inadequacy of the evidentiary record on which StringKing relies. Although StringKing included a narrative statement of facts in its brief, that statement cannot substitute for the structured, fact-by-fact presentation the Scheduling Order requires. The shortcomings of StringKing's approach are readily apparent. For example, StringKing asserts that "STX's RZR glove includes all the features of claims 1-10 & 12-19," yet the sole support offered for this sweeping assertion is a declaration from StringKing's own litigation counsel. D.I. 63 at 3 (citing D.I. 63-1). This is attorney argument, not evidence. STX has not conducted an analysis of whether the RZR practices claims 2-19, and StringKing has cited no competent evidence—such as expert testimony or anything approaching a claim-by-claim

1

limitation analysis—to establish that it does.[1] The Court should not credit such conclusory, unsupported assertions, particularly on a Motion that demands the movant demonstrate the absence of any genuine dispute of material fact.

---

[1] StringKing included as Exhibit 4 to the Third Declaration of Jesse J. Camacho a document entitled "Claim Mapping to Annotated Claims 1-10 & 12-18 of the '930 Patent (Ref. Numerals Added)." D.I. 63-4. That document consists of photographs of what purports to be an STX RZR glove overlaid with litigation counsel's own annotations, which Mr. Camacho describes as "reference numerals added to refer to claim limitations." D.I. 63-1 ¶ 5; D.I. 63-4. Exhibit 4 is not competent evidence; it is a demonstrative prepared by counsel and lacks any foundation from a fact or expert witness. Moreover, StringKing itself hedged the evidentiary value of its own exhibit, expressly disclaiming that "[t]hese mappings are made without prejudice to StringKing's potential non-infringement positions, which may also be asserted in the alternative." D.I. 63-4 at 1, n.1. The Court should afford Exhibit 4 no weight.

Notwithstanding the foregoing, and pursuant to Paragraph 16(b) of the Scheduling Order, STX respectfully submits that following concise statement of material facts as to which STX contends a genuine issue exists to be tried.

1.    During prosecution of U.S. Patent Application No. 16/241,454 (the "'454 Application") the Applicant contested the Examiner's Section 112(a) written description rejection of the "border flange" limitation at every stage of prosecution, including in its August 4, 2021 response to the non-final office action, in which the Applicant argued that "a mere change in semantics from 'border' to 'border flange' is not new matter" and identified specific dimensional support in the parent application. Ex. 11[2] at 10; Ex. 13 at 7, 10-11; Ex. 15 at 2-9; Declaration of Michael Lee ("Lee Decl.") ¶¶ 31-49, 81-89.

2.    After the Examiner issued a final office action maintaining the Section 112(a) rejection, the Applicant escalated its disagreement by filing a comprehensive response that included proposed claim amendments and a request for reconsideration, citing five Federal Circuit decisions in support of its position that the disclosure was adequate. Ex. 15 at 2-9; Lee Decl. ¶¶ 43-46, 82-89.

3.    The Examiner declined to enter the Applicant's proposed amendments on procedural grounds—not because the Applicant conceded the correctness of the rejection. Ex. 16 at 3; Lee Decl. ¶ 47. The subsequent filing of the '152 Application (which issued as U.S. Patent No. 12,274,930 (the "'930 Patent") followed the Applicant's active contestation of the rejection, not an implied or express concession. Lee Decl. ¶¶ 43-46, 82-89.

4.    The Applicant's express reason for changing the '454 Application from a

---

[2] References to "Exhibit" or "Ex." herein refer to exhibits attached to the Declaration of Julie C. Giardina ("Giardina Decl."), filed contemporaneously herewith.

3

continuation to a continuation-in-part ("CIP") related to the "slits" limitation of claim 21—a feature the Applicant acknowledged was not disclosed in the parent application—not to the "border flange" limitation that forms the basis of StringKing's acquiescence theory. Ex. 15 at 7, 10; Lee Decl. ¶¶ 38, 46, 86.

5.      The Section 112(a) rejection during prosecution of the '454 Application concerned whether the grandparent '915 Application provided adequate written description support for the "border flange." The '454 Application itself indisputably discloses the "border flange." Because STX seeks priority only to the '454 Application—not the '915 Application—whether the '915 Application supports the "border flange" is not germane to the priority question before the Court. Ex. 15 at 6-11; Lee Decl. ¶¶ 81-89.

6.      The final office action's Section 112(a) rejection was claim specific, applying only to Claims 3-6, 8, 10, and 17-22 of the '454 Application. Claims 1, 2, 7, 9, and 11-16 were rejected solely under Section 103. Ex. 14 at 3-12. Any estoppel must therefore be correspondingly limited and cannot be applied as a blanket bar to all 19 claims of the '930 Patent.

7.      The claims of the '930 Patent were not rejected by the PTO on priority date grounds, and no final agency decision determined that the claims were entitled only to a February 25, 2022 priority date. Ex. 2 at 5-11; Lee Decl. ¶¶ 26-30.

8.      The Examiner's statement during prosecution of the '930 Patent referencing February 25, 2022 as an "effective filing date" was an incidental comment within the Section 103 obviousness analysis made for purposes of applying prior art, not a final determination or adjudicated holding. Ex. 2 at 5-11; Lee Decl. ¶¶ 26-30.

9.      The prior art cited in the Examiner's rejection that included the statement regarding the effective filing date during prosecution of the '930 Patent each were published in 2016 or

4

earlier and would have qualified as prior art even under the January 7, 2019 filing date. Ex. 3; Lee Decl. ¶¶ 26-27.

10.    The '454 Application's disclosure is sufficient to convey to a person of ordinary skill of the art ("POSITA") that the inventor possessed a border flange "protruding outward at an acute bevel angle relative to said zero-elevation surface." Lee Decl. ¶¶ 53-79.

11.    The Applicant's subsequent filing of a CIP during prosecution of the '454 Application was not acquiescence to the Examiner's Section 112(a) rejection that the "border flange" limitation did not have written description support in the parent application. Ex. 15 at 6-11; Lee Decl. ¶¶ 81-89.

12.    A beveled surface relative to a zero-elevation surface necessarily forms an angle, and a POSITA would understand the '454 Application as disclosing a border flange protruding outward at an acute bevel angle relative to the zero-elevation surface. Lee Decl. ¶ 58.

13.    The Examiner who issued the Section 112(a) rejection relied upon by StringKing did not issue any written description rejection finding that the '454 Application failed to disclose a border flange or acute bevel angle relative to the zero-elevation surface. *See generally* Ex. 10; Ex 12; Ex. 14; Lee Decl. ¶¶ 31-49.

14.    On April 2, 2026, the same Examiner who examined the '454 and '152 Applications issued a Notice of Allowance in a related continuation application (U.S. App. No. 19/036,972, the "'972 Application") for all 21 claims, including claims reciting "border flange" and "acute bevel angle" limitations identical to those at issue here, after considering an Information Disclosure Statement that included filings from this litigation encompassing StringKing's priority date and invalidity theories. Ex. 5 at 5-6; Ex. 18 at 2, 8; Ex. 19 at 7, 14; Ex. 22 at 2-5.

15.    STX's brief regarding its Motion to Disqualify (D.I. 40) expressly stated that "the

5

claims of the '930 Patent are at least entitled to a priority date of January 7, 2019," that "STX will demonstrate the '930 Patent is entitled to an earlier priority date," and that "StringKing's arguments lack merit." D.I. 40 at 1 n.1, 3. STX further explained that any characterization of prosecution counsel's conduct reflected only "what STX's litigation counsel independently surmised from reviewing the publicly available prosecution file history—without being able to consult Mr. Lloyd." D.I. 58 at 2.

16.    STX has consistently maintained in this litigation that the claims of the '930 Patent are at least entitled to the January 7, 2019 filing date of the '454 Application. D.I. 40 at 1 n.1, 3; D.I. 63-11 at 8-30.

17.    The Court has not yet construed the claims of the '930 Patent, and claim construction briefing is not scheduled to begin until August 27, 2026. D.I. 22 ¶¶ 11-13. StringKing's written description arguments depend on disputed claim constructions that have not been adopted by the Court, and rely solely on attorney argument. D.I. 63 at 8-13; Lee Decl. ¶¶ 90-92.

18.    StringKing offers no testimony from a POSITA or any expert regarding the written description adequacy of the '454 Application. StringKing's written description arguments rest entirely on attorney argument. D.I. 63.

19.    STX has been unable to obtain testimony from Mr. Lloyd, the attorney who prosecuted the '930 Patent and whose prosecution decisions are at the center of StringKing's Motion, because the pending Motion to Disqualify (D.I. 23) has prevented STX from consulting with Mr. Lloyd—a partner at opposing counsel's firm. Mr. Lloyd has first-hand knowledge of the prosecution strategy and decisions at issue. D.I. 40 at 3; D.I. 25-1 at 32-44; D.I. 24 at 9 n.6; D.I. 58 at 2; Declaration of Barry J. Herman ¶¶ 5-7, 15, 17.

Dated: April 24, 2026

*Of Counsel:*

James K. Archibald
Special Counsel
STX, LLC
1500 Bush Street
Baltimore, MD 21230
Telephone: (443) 253-8833
jima@wmtburnett.com

Barry J. Herman
Julie C. Giardina
WOMBLE BOND DICKINSON (US) LLP
100 Light Street, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Barry.Herman@wbd-us.com
Julie.Giardina@wbd-us.com

Respectfully submitted,

*/s/ Alexander P. Wharton*
Stephanie S. Riley (#5803)
Alexander P. Wharton (#7304)
WOMBLE BOND DICKINSON (US) LLP
1313 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Stephanie.Riley@wbd-us.com
Alexander.Wharton@wbd-us.com

*Attorneys for STX, LLC*

7