# EXHIBIT 15

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re Appln of: | Abdelmalek, Anthony | Filed: | January 7, 2019 |
| Application No.: | 16/241,454 | Examiner: | Moran, Katherine M |
| Conf. No.: | 9309 | Art Unit: | 3732 |

Attorney Docket: *5016169.094525-CON*

For:          STITCHLESS DORSAL PADDING FOR PROTECTIVE SPORTS GLOVES
              AND OTHER PROTECTIVE GEAR

**Mail Stop Amendment**
**Non-Fee**
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

\*          \*          \*

<u>AMENDMENT</u>

Madam:

Responsive to the Office Action dated 25 August 2021, the time to respond which is herein extended two (2) months, please enter the following Amendment and consider the following remarks.

9267730.1 54322/139174 1/25/22

*U.S. Patent Application 16/241,454*
*for* STITCHLESS DORSAL PADDING FOR PROTECTIVE SPORTS GLOVES AND OTHER...
*Inventor: Abdelmalek, Anthony*
*Our ref: 5016169.094525-CON*
*Page 2*

AMENDMENTS IN THE CLAIMS

Please amend claims 1, 4-6, 10, 17, 19, and 21-22 and cancel claim 3 as set forth in the complete claim listing below.  This listing of claims will replace all prior versions and listings of claims in the application.

1.    (Currently Amended) In a protective sports glove having a palmar section configured for covering a wearer's palm:

a unitary dorsal panel stitched to the palmar section, the dorsal panel consisting of an integrally-molded member formed with a zero-elevation surface and a waffle-pattern array of foam protective pads each defining an individual island raised from said zero-elevation surface, said foam protective pads being separated from each other by interstitial channels having a width within a range of from 1-4mm between the discrete foam protective pads, and a border edge around said waffle-pattern array of foam protective pads and extending outward there from, said border edge having a beveled surface slanted from said zero-elevation surface.

2.    (Original) The protective sports glove according to claim 1, wherein said interstitial channels have a width of approximately 2mm.

3.    (Canceled)

4.    (Currently Amended) The protective sports glove according to claim 1 [[3]], wherein said border flange edge surrounding surrounds the waffle-pattern array of foam protective pads and is substantially contiguous.

5.    (Currently Amended) The protective sports glove according to claim 1 [[3]], wherein said border flange edge surrounding the waffle-pattern array of foam protective pads has a width within a range of 4-8mm.

9267730.1 54322/139174 1/25/22

*U.S. Patent Application 16/241,454*
*for STITCHLESS DORSAL PADDING FOR PROTECTIVE SPORTS GLOVES AND OTHER...*
*Inventor: Abdelmalek, Anthony*
*Our ref: 5016169.094525-CON*
*Page 3*

6.      (Currently Amended) The protective sports glove according to claim 1 [[3]], wherein said border ~~flange~~ edge ~~surrounding the waffle-pattern array of foam protective pads~~ has a width within a range of 5-6mm.

7.      (Original) The protective sports glove according to claim 1, wherein said waffle-pattern array of foam protective pads includes quadrilateral shapes.

8.      (Original) The protective sports glove according to claim 1, wherein said waffle-pattern array of foam protective pads includes crescent shapes.

9.       (Original) The protective sports glove according to claim 1, wherein said dorsal panel is fused to a layer of mesh scrim material.

10.     (Currently Amended) The protective sports glove according to claim 5, wherein the palmar section is stitched to the beveled surface of said border ~~flange surrounding~~ edge around the waffle-pattern array of foam protective pads.

11.     (Original) The protective sports glove according to claim 1, further comprising a lower wrist/forearm portion extending below said unitary dorsal panel.

12.     (Original) The protective sports glove according to claim 11, wherein said lower wrist/forearm portion is configured to encircle a user's forearm below the wrist.

13.     (Original) The protective sports glove according to claim 12, wherein said lower wrist/forearm portion includes an attachment strap configured to secure said lower wrist/forearm portion around said user's forearm below the wrist.

14.     (Original) The protective sports glove according to claim 1, wherein said dorsal panel is comprised of ethylene-vinyl acetate foam.

9267730.1 54322/139174 1/25/22

*U.S. Patent Application 16/241,454*
*for STITCHLESS DORSAL PADDING FOR PROTECTIVE SPORTS GLOVES AND OTHER…*
*Inventor: Abdelmalek, Anthony*
*Our ref: 5016169.094525-CON*
*Page  4*

15.    (Previously Presented) The protective sports glove according to claim 1, wherein two adjacent foam protective pads of said foam protective pads have trapezoidal side-cross sections.

16.    (Previously Presented) The protective sports glove according to claim 1, wherein at least one of said foam protective pads has an unlevel face.

17.    (Currently Amended) In a protective sports glove having a palmar section configured for covering a wearer's palm:

a unitary dorsal panel stitched to the palmar section, the dorsal panel consisting of an integrally-molded panel formed with a main section having a zero-elevation surface and a waffle-pattern array of foam protective pads defined as individual islands raised from said zero-elevation surface, wherein two or more of said foam protective pads are separated from each other by an interstitial channel, said dorsal panel further comprising,

five finger sections each protruding from said main section, and

a substantially contiguous border ~~flange surrounding~~ edge projecting outward around said waffle-pattern array of foam protective pads at least ~~the entire unitary dorsal panel~~ inclusive of said main section and each of said five finger sections, said border edge tapering outward from said waffle-pattern array of foam protective pads and having a beveled surface slanted from said zero-elevation surface.

18.(Original) The protective sports glove according to claim 17, wherein said foam protective pads are positioned on both said main section and said five finger sections.

19.(Currently Amended) The protective sports glove according to claim 17, wherein said unitary dorsal panel is stitched to said palmar section along ~~at least a portion of~~ said border flange ~~surrounding said five finger sections~~.

U.S. Patent Application 16/241,454
*for* STITCHLESS DORSAL PADDING FOR PROTECTIVE SPORTS GLOVES AND OTHER...
Inventor: Abdelmalek, Anthony
Our ref: 5016169.094525-CON
Page 5

20.(Original) The protective sports glove according to claim 17, wherein said border flange along adjacent finger sections is configured to avoid interference.

21.(Currently Amended) In a protective sports glove having a palmar section configured for covering a wearer's palm:

a unitary dorsal panel stitched to the palmar section, the dorsal panel consisting of an integrally-molded panel formed with a main section having a zero-elevation surface and a waffle-pattern array of foam protective pads defined as individual islands raised from said zero-elevation surface, wherein two or more of said foam protective pads are separated from each other by an interstitial channel,

said dorsal panel further comprising five finger sections each protruding from said main section; and

a substantially contiguous border ~~flange~~ edge surrounding the ~~entire unitary dorsal panel inclusive of said~~ main section and each of said five finger sections of said unitary dorsal panel and projecting outward beyond said waffle-pattern array of foam pads, wherein said border edge ~~flange~~ along a portion of said five finger sections comprises one or more slits there between for added flexibility, and said border edge is beveled by an inclined surface sloping away from said zero-elevation surface.

22.(Currently Amended) The protective sports glove according to claim 21, wherein [[a]] said inclined ~~top~~ surface of said border edge ~~flange is sloped~~ is sloped at an acute angle relative to said zero-elevation surface.

9267730.1 54322/139174 1/25/22

*U.S. Patent Application 16/241,454*
*for* STITCHLESS DORSAL PADDING FOR PROTECTIVE SPORTS GLOVES AND OTHER...
*Inventor: Abdelmalek, Anthony*
*Our ref: 5016169.094525-CON*
*Page  6*

<u>REMARKS</u>

This Amendment is submitted in response to the non-final Office Action dated 25 August 2021.  Claims 1, 4-6, 10, 17, 19, and 21-22 are amended and claim 3 is canceled. Claims 1-2 and 4-22 remain pending.

<u>*Response to Amendment*</u>

A corrected ADS indicating the status of the application as a CIP is submitted herewith. The Examiner contends that the following features are new matter because they were not disclosed in the parent application: 1) substantially contiguous border flange surrounding the entire unitary dorsal panel [0009], 2) zero-elevation interstitial spaces [0022], 3) protective pads 54..fused to the zero-elevation surface 52 [0028], 4) border flange surrounding dorsal panel can be within a range of from 2-8 mm across....a 5-6 mm margin [0040], 5) palmar section 192 fused, welded, stitched, molded or otherwise connected to the border flange 166...and the latter is stitched thereto around at least a portion of all four of the finger receiving portions 27, 28, 29 and thumb portion 30" [0040].  With one exception Applicant disagrees and provides the following support from the parent application:

*1) substantially contiguous border flange surrounding the entire unitary dorsal panel [0009]:* see FIG. 1 and column 7, lines 32-40 "dorsal section 40 of blank may be cut (die, laser, rotary-blade, water-jet, etc.) using an outline cut that results in **a substantially contiguous border framing** the dorsal panel 40 , 140. The border surrounding dorsal panel is within a range of from 4 - 8 mm across, and most preferably a 5 - 6 mm margin."  In other words, the present application adds the word flange to "substantially contiguous border *flange* surrounding the entire unitary dorsal panel" in an attempt to be more explicit. This is a semantic choice, but the

U.S. Patent Application 16/241,454
*for* STITCHLESS DORSAL PADDING FOR PROTECTIVE SPORTS GLOVES AND OTHER…
*Inventor: Abdelmalek, Anthony*
*Our ref: 5016169.094525-CON*
*Page 7*

drawings and description of the parent application relied upon fully articulate what it is in all physical respects, and fully enable practice of the present invention. The exact terms need not be used. Eiselstein v. Frank, 52 F.3d 1035, 1038, 34 USPQ2d 1467, 1470 (Fed.Cir.1995); Crown Operations Int'l, Ltd. v. Solutia Inc., 289 F.3d 1367, 1376, 62 USPQ2d 1917, 1922 (Fed.Cir.2002) ("[T]he disclosure as originally filed does not have to provide in haec verba support for the claimed subject matter at issue.").  Rather, the parent application must "reasonably conveys to the artisan that the inventor had possession at that time of the later claimed subject matter." In re Kaslow, 707 F.2d 1366, 1375 (Fed. Cir. 1983); Ralston Purina Co. v. Far-Mar-Co, Inc., 772 F.2d 1570, 1575 (Fed. Cir. 1985); Vas-Cath Inc. v. Mahurkar, 935 F.2d 1555, 1563 (Fed. Cir. 1991).  In this case the parent application fully-disclosed a unitary molded dorsal panel with a zero-elevation surface that extends beyond and surrounds the pads to form a surrounding border, and calling this border a 'border flange' does not change the scope of the invention.  If there is any lingering doubt Applicant herein removes the term flange from the present claims and confines the amended claim language to the original parent specification to remove any question that the parent application fully articulates the presently-claimed invention in all physical respects, and fully enables practice of the present invention.

   *2) substantially zero-elevation interstitial spaces [0022]:* See FIGs. 1-4 and column 9, lines 4-13, "the zero-elevation interstitial surfaces surrounding the array of raised pads 152, each pad forming a raised island on the zero-elevation surface 52." In other words, the present application adds the word substantially to "substantially zero-elevation interstitial surfaces". Again, this is a semantic choice to accommodate manufacturing tolerance, but the drawings and description of the parent application relied upon fully articulate that the preferred embodiment of

9267730.1 54322/139174 1/25/22

*U.S. Patent Application 16/241,454*
*for* STITCHLESS DORSAL PADDING FOR PROTECTIVE SPORTS GLOVES AND OTHER…
*Inventor: Abdelmalek, Anthony*
*Our ref: 5016169.094525-CON*
*Page  8*

the zero-elevation interstitial surfaces are all in all physical respects zero elevation, fully enable

practice of the present invention, and "reasonably conveys to the artisan that the inventor had

possession at that time of the later claimed subject matter." In re Kaslow, supra. Applicant is

willing to delete the word 'substantially' if that is the only issue.

*3) protective pads 54..fused to the substantially zero-elevation surface 52 [0028]:*  See,

FIGs. 1-4 and column 4, lines 32-35 "Protective pads 54 are integrally-molded or fused to the

zero-elevation surface 52 such that interstitial channels of minimal substrate thickness are

formed between the discrete pads 54." There is no difference, and the drawings and description

of the parent application relied upon fully support the present disclosure and claims.

*4) the border flange surrounding dorsal panel can be within a range of from 2-8 mm*

*across….a 5-6 mm margin [0040]:* see FIG. 1 and column 7, lines 32-40 "The border

surrounding dorsal panel is within a range of from 4 - 8 mm across, and most preferably a 5 - 6

mm margin."  To be clear the present application changes the lower limit from 4 mm to 2 mm.

Under In re Wertheim only 2-3mm is not supported. In re Wertheim, 541 F.2d 257, 191 USPQ

90 (CCPA 1976)[ranges described in the original specification included a range of "25%- 60%"

and specific examples of "36%" and "50%." A limitation to "between 35% and 60%" did meet

the description requirement].

*5) palmar section 192 can be fused, welded, stitched, molded or otherwise connected to*

*the border flange 166…and the latter is stitched thereto around at least a portion of all four of*

*the finger receiving portions 27, 28, 29 and thumb portion 30" [0050 (sic)].*  See original claims

"dorsal panel…fused to said scrim material and covering the dorsal side of said hand", as well as

column 2, lines 55-56 "The unitary dorsal panel is sewn circumferentially to the palmer sections

*U.S. Patent Application 16/241,454*
*for* STITCHLESS DORSAL PADDING FOR PROTECTIVE SPORTS GLOVES AND OTHER...
*Inventor: Abdelmalek, Anthony*
*Our ref: 5016169.094525-CON*
*Page 9*

of the glove.." There is no difference, and the drawings and description of the parent application relied upon fully support the present disclosure and claims.

*Claim Rejections – 35 USC § 112*

The Examiner rejects claims 3-6, 8, 10, and 17-22 under 35 U.S.C. 112(a) as failing to comply with the written description requirement, because they contain subject matter which was not described in the *parent* specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor had possession of the claimed invention. The Examiner contends that claims 3-6, 10, 17, and 19-21 recite a border flange and various limitations to the border flange, whereas the parent application provides support for a substantially contiguous border. As stated above the addition of the word flange is a semantic choice, but the drawings and description of the parent application relied upon fully articulate what the border is in all physical respects, fully enable practice of the present invention, and "reasonably conveys to the artisan that the inventor had possession at that time of the later claimed subject matter." The exact terms need not be used in haec verba. Eiselstein v. Frank, 52 F.3d 1035, 1038, 34 USPQ2d 1467, 1470 (Fed.Cir.1995). See also, In re Kaslow, 707 F.2d 1366, 1375 (Fed. Cir. 1983); Ralston Purina Co. v. Far-Mar-Co, Inc., 772 F.2d 1570, 1575 (Fed. Cir. 1985); Vas-Cath Inc. v. Mahurkar, 935 F.2d 1555, 1563 (Fed. Cir. 1991). Furthermore, this rejection is respectfully moot by Applicant's removal of the term flange from the present claims. The present amendments confine the amended claim language to the original parent specification eliminating any question that the parent application fully articulates the presently-claimed invention in all physical respects.

9267730.1 54322/139174 1/25/22

*U.S. Patent Application 16/241,454*
*for STITCHLESS DORSAL PADDING FOR PROTECTIVE SPORTS GLOVES AND OTHER…*
*Inventor: Abdelmalek, Anthony*
*Our ref: 5016169.094525-CON*
*Page 10*

*Claim 8 recites the waffle-pattern array of foam protective pads includes crescent shapes.* See above. Also, see parent application FIG. 1-4 at the bottom of the heel.

*Claim 21 also recites limitations to one or more slits along a portion of said five finger sections, the slits positioned there between for added flexibility.* Applicant acknowledges that slits 168 were not disclosed in the parent application. However, they are fully disclosed in the present application and so this rejection is respectfully mooted by correction of the ADS because the present application is a continuation-in-part, and Applicant is not claiming full priority.

<u>*Claim Rejections - 35 USC § 103*</u>

The Examiner maintains her rejection of claims 1, 2, 11, 12, and 16 are rejected under 35 U.S.C. 103 as being unpatentable over Safford (20130276199) in view of Tirinen (4,484,359) and Contant (20150047087). The Examiner similarly rejects claims 21 and 22 as being unpatentable over the foregoing combination and further in view of Leary (U.S. 20160325173 - *Molded components for protective equipment*) and Berlese (U.S. Patent 4,570,269 - *Racing glove*). The Examiner credits Berlese with a dorsal pad 4 with a border along the five finger sections comprising one or more slits 26 for added flexibility (col. 4 lines 5-8), and a groove 30 formed around the periphery of the pad 4 such that a top surface of the border is sloped relative to the zero-elevation surface (upper surface of pad 4). However, a "groove" is defined as -- a long, narrow, hollow space cut into a surface—[Cambridge Dictionary] Berlese '269 states only that "*groove 30 is formed around the entire upper periphery of the pad as a guide for stitching the pad onto the underlying glove material*." Berlese at FIG. 2 shows this groove to be a narrow border flange surrounding the dorsal panel, but there is absolutely no teaching or suggestion in

*U.S. Patent Application 16/241,454*
*for* STITCHLESS DORSAL PADDING FOR PROTECTIVE SPORTS GLOVES AND OTHER…
*Inventor: Abdelmalek, Anthony*
*Our ref: 5016169.094525-CON*
*Page 11*

Berlese '269 that the surface of this border groove is sloped, and it cannot reasonably be inferred from the plain meaning of the term.

Independent claims 1, 17 and 21 are all herein amended to incorporate the limitations of prior claim 22, namely *"a border edge around said waffle-pattern array of foam protective pads and extending outward there from, said border edge having a beveled surface slanted from said zero-elevation surface."* This beveled slope is critical, essential to the inverted assembly process where the border flange 166 is tucked under the palmar section 192 and the latter is stitched thereto around at least a portion of all four of the finger receiving portions 27, 28, 29 and thumb 30. See, Applicant's specification at [0050, 0058, 0060]. Obviousness requires an explicit or inherent suggestion of all limitations in a claim. CFMT, Inc. v. Yieldup Intern. Corp., 349 F.3d 1333, 1342 (Fed. Cir. 2003) (citing In re Royka, 490 F.2d 981, 985 (CCPA 1974)). Since each and every element of claims 1, 17 and 21 are not found in the cited prior art and so the Examiner's rejection is respectfully traversed and claims 1, 17 and 21 are distinguished.

Claim 3 is canceled. Claim 22 is amended to explicitly require the top surface of the border flange to be *"sloped at an angle relative to said zero-elevation surface"*, thereby further distinguishing claim 22.

\* \* \*

*U.S. Patent Application 16/241,454*
*for* STITCHLESS DORSAL PADDING FOR PROTECTIVE SPORTS GLOVES AND OTHER...
*Inventor: Abdelmalek, Anthony*
*Our ref: 5016169.094525-CON*
*Page 12*

In light of the foregoing amendments and argument, Applicants assert that all pending claims are now in condition for allowance.

Respectfully submitted,

Royal W. Craig
Reg. No. 34,145
Attorney for Applicant
Date January 25, 2022

Gordon Feinblatt LLC
1001 Fleet St. Suite 700
Baltimore, MD 21202
Direct Dial - (410) 576-4109
Cell: (410) 419-6899
Main: (410) 576-4000
Fax: (410) 576-4269

9267730.1 54322/139174 1/25/22