# EXHIBIT 18

UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 19/036,972 | 01/24/2025 | David Kucharsky | 141-1037 STX019-US-CON | 9162 |

36163    7590    09/05/2025
PLUMSEA LAW GROUP, LLC
849 Quince Orchard Blvd.
Suite F
Gaithersburg, MD 20878

| EXAMINER |
|---|
| MORAN, KATHERINE M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3732 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 09/05/2025 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

mail@plumsea.com

PTOL-90A (Rev. 04/07)

| **Office Action Summary** | **Application No.**<br>19/036,972 | **Applicant(s)**<br>Kucharsky et al. |
|---|---|---|
| | **Examiner**<br>KATHERINE M MORAN | **Art Unit**<br>3732 | **AIA (First Inventor to File) Status** Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☑ Responsive to communication(s) filed on <u>1/24/25</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL.**    2b) ☑ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims*

5) ☑ Claim(s) <u>1-21</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☑ Claim(s) <u>1-21</u> is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

## Application Papers

10) ☐ The specification is objected to by the Examiner.
11) ☑ The drawing(s) filed on <u>1/26/25</u> is/are: a)☑ accepted or  b)☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a)☐ All    b)☐ Some**    c)☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____.
   3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)

2) ☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
   Paper No(s)/Mail Date <u>6/24/25</u>.

3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date _____.

4) ☐ Other: _____.

U.S. Patent and Trademark Office

PTOL-326 (Rev. 11-13)                    Office Action Summary                    Part of Paper No./Mail Date 20250902

Application/Control Number: 19/036,972                                                    Page 2

Art Unit: 3732

**DETAILED ACTION**

*Notice of Pre-AIA or AIA Status*

The present application, filed on or after March 16, 2013, is being examined under the first

inventor to file provisions of the AIA.

It is noted that claims 1-21 of 5/13/25 appear to be copies of the claims filed 1/24/25.

*Double Patenting*

The nonstatutory double patenting rejection is based on a judicially created doctrine grounded

in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise

extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple

assignees. A nonstatutory double patenting rejection is appropriate where the conflicting claims are not

identical, but at least one examined application claim is not patentably distinct from the reference

claim(s) because the examined application claim is either anticipated by, or would have been obvious

over, the reference claim(s). See, e.g., *In re Berg*, 140 F.3d 1428, 46 USPQ2d 1226 (Fed. Cir. 1998); *In re*

*Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed.

Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164

USPQ 619 (CCPA 1970); *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d) may be used to

overcome an actual or provisional rejection based on nonstatutory double patenting provided the

reference application or patent either is shown to be commonly owned with the examined application,

or claims an invention made as a result of activities undertaken within the scope of a joint research

agreement. See MPEP § 717.02 for applications subject to examination under the first inventor to file

provisions of the AIA as explained in MPEP § 2159. See MPEP § 2146 *et seq.* for applications not subject

Application/Control Number: 19/036,972                                                    Page 3
Art Unit: 3732

to examination under the first inventor to file provisions of the AIA. A terminal disclaimer must be

signed in compliance with 37 CFR 1.321(b).

The filing of a terminal disclaimer by itself is not a complete reply to a nonstatutory double

patenting (NSDP) rejection. A complete reply requires that the terminal disclaimer be accompanied by a

reply requesting reconsideration of the prior Office action. Even where the NSDP rejection is provisional

the reply must be complete. See MPEP § 804, subsection I.B.1. For a reply to a non-final Office action,

see 37 CFR 1.111(a). For a reply to final Office action, see 37 CFR 1.113(c). A request for reconsideration

while not provided for in 37 CFR 1.113(c) may be filed after final for consideration. See MPEP §§

706.07(e) and 714.13.

The USPTO Internet website contains terminal disclaimer forms which may be used. Please visit

www.uspto.gov/patent/patents-forms. The actual filing date of the application in which the form is filed

determines what form (e.g., PTO/SB/25, PTO/SB/26, PTO/AIA/25, or PTO/AIA/26) should be used. A

web-based eTerminal Disclaimer may be filled out completely online using web-screens. An eTerminal

Disclaimer that meets all requirements is auto-processed and approved immediately upon submission.

For more information about eTerminal Disclaimers, refer to www.uspto.gov/patents/apply/applying-

online/eterminal-disclaimer.

Claims 1-17 and 20 are rejected on the ground of nonstatutory double patenting as being

unpatentable over claims 1-13 of reference U.S. Patent No. 12,274,930. Although the claims at issue are

not identical, they are not patentably distinct from each other because the limitations of the claims of

the present application are set forth in the claims of the reference patent as follows:

The limitations of claim 1 of the present application are set forth in claim 1 of '930, with the at

least two finger sections of claim 1 considered as equivalent to the "adjacent finger sections".

The limitations of claim 2 are set forth in claim 1 of '930.

Application/Control Number: 19/036,972                                                    Page 4

Art Unit: 3732

The limitations of claim 3 (as best understood based on lack of disclosure) are set forth in claim 1 of '930 as the interstitial channel of claim 1 allows for airflow through the channel and therefore meets the limitation "one or more of the interstitial channels define a vent."

The limitations of claim 4 are set forth in claim 2 of '930.

The limitations of claim 5 are set forth in claim 3 of '930.

The limitations of claim 6 are set forth in claim 4 of '930.

The limitations of claim 7 are set forth in claim 5 of '930.

The limitations of claim 8 are set forth in claim 6 of '930.

The limitations of claim 9 are set forth in claim 7 of '930.

The limitations of claim 10 are set forth in claim 8 of '930.

The limitations of claim 11 are set forth in claim 9 of '930.

The limitations of claim 12 are set forth in claim 10 of '930.

The limitations of claim 13 are set forth in claim 11 of '930.

The limitations of claim 14 are set forth in claim 12 of '930.

The limitations of claim 15 are set forth in claim 13 of '930.

The limitations of claim 16 are set forth in claim 1 of '930 with the at least two finger sections of claim 16 considered as equivalent to the "adjacent finger sections".

The limitations of claim 17 are set forth in claim 4 of '930.

The limitations of claim 20 are set forth in claim 1 of '930 with the at least two finger sections of claim 20 considered as equivalent to the "adjacent finger sections".

Claim 21 (interpreted as dependent from claim 20) is rejected on the ground of nonstatutory double patenting as being unpatentable over claim 13 of '930 in view of Safford (U.S. 2019/0357612). The limitations of claim 21 are substantially set forth in claim 13 of '930 as claim 13 recites the dorsal panel is fused to a layer of mesh scrim material. However, claim 13 doesn't recite the zero-elevation

Application/Control Number: 19/036,972                                                      Page 5
Art Unit: 3732

surface comprises the scrim material.  Safford teaches a glove with a foam dorsal panel pad secured to

an outer layer of glove 100, with the outer layer formed from mesh material (equivalent to scrim

material). Thus, Safford serves as a teaching that scrim material is suitable for engaging a foam pad to a

glove. The scrim material is inherently breathable due to the mesh structure and flexible due to its nylon

and spandex blend. Therefore, it would have been obvious to one of ordinary skill in the art before the

effective filing date of the invention to modify the '930 reference patent such that the zero-elevation

surface comprises the scrim material as Safford teaches it's known in the art to provide a scrim material

between the glove and the surface of the dorsal pad as a flexible interface layer to absorb impact and

tension forces received by the dorsal panel.


### Claim Rejections - 35 USC § 112

The following is a quotation of the first paragraph of 35 U.S.C. 112(a):

> (a) IN GENERAL.—The specification shall contain a written description of the invention, and
> of the manner and process of making and using it, in such full, clear, concise, and exact terms as to
> enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to
> make and use the same, and shall set forth the best mode contemplated by the inventor or joint
> inventor of carrying out the invention.


Claim 3 is rejected under 35 U.S.C. 112(a) as failing to comply with the written description

requirement. The claim(s) contains subject matter which was not described in the specification in such a

way as to reasonably convey to one skilled in the relevant art that the inventor or a joint inventor, or for

applications subject to pre-AIA 35 U.S.C. 112, the inventor(s), at the time the application was filed, had

possession of the claimed invention. Claim 3 recites one or more of the interstitial channels define a

vent. There is no support for this limitation in the originally filed CON application.

Application/Control Number: 19/036,972                                                                    Page 6
Art Unit: 3732

## *Claim Objections*

Claims 1, 4, 11, and 21 are objected to because of the following informalities:

Claim 1: "the at least two adjacent finger sections" should be revised to recite "the at least two finger sections" as recited previously in the claim **OR** amend each limitation to recite "at least two adjacent finger sections".

Claim 4: delete the second occurrence of "a width" in line 1.

Claim 11: delete "claim 9" and insert "claim 10" as "the slant pattern" is set forth in claim 10.

Claim 21: delete "claim 19" and insert "claim 20" as it appears that claim 21 is intended to depend from claim 20 since the limitations of claim 21 are previously set forth in claim 19.

Please review claims 17 and 18 for proper dependency as they depend from claim 15 and perhaps should depend from claim 16.

Appropriate correction is required.

## *Drawings*

The replacement drawings (Figs. 1-10) were received on 5/13/25.  These drawings are acceptable for examination purposes.

## *Specification*

The substitute specification of 5/13/25 is entered.

## *Allowable Subject Matter*

There is no prior art applied against the claims at this time.

Application/Control Number: 19/036,972                                                          Page 7
Art Unit: 3732

### *Conclusion*

Any inquiry concerning this communication or earlier communications should be directed to

Primary Examiner Katherine Moran at (571) 272-4990 (phone).  Please note that any internet

communication directed to katherine.moran@uspto.gov requires prior submission of an Authorization

for Internet Communications form (PTO/SB/439).  The examiner can be reached on Monday-Thursday

from 9:00 am to 6:00 pm, and alternating Fridays.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Khoa

Huynh, may be reached at (571) 272-4888. The official and after final fax number for the organization

where this application is assigned is (571) 273-8300. General information regarding this application and

questions directed to matters of form and procedures may be directed to the PTO Contact

Center/Inventors Assistance Center at (800) 786-9199/571-272-1000. Information regarding the status

of an application may be obtained from the Patent Application Information Retrieval (PAIR) system.

Status information for published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only. For questions on

access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-

free).


/KATHERINE M MORAN/
Primary Examiner, Art Unit 3732