# EXHIBIT 22

## IN THE UNITED STATES PATENT & TRADEMARK OFFICE

Appln. No.            :    19/036,972            Confirmation No. 9162

Inventor(s)           :    David Kucharsky et al.

Filed                 :    January 24, 2025

Title                 :    STITCHLESS DORSAL PADDING FOR PROTECTIVE
                           SPORTS GLOVES AND OTHER PROTECTIVE GEAR

TC/A.U.               :    3732

Examiner              :    Katherine M. Moran

Attorney Docket No.:       141-1037 STX019-US-CON

Customer No.          :    36163

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

### AMENDMENT

In response to the Office Action mailed September 5, 2025, please amend the above-identified application as set forth below.

A fee for a two-month extension of time is believed to be due. However, any extension of time necessary to prevent abandonment is hereby requested, and any fee necessary for consideration of this response is hereby authorized to be charged to Deposit Account Number 50-2846.

**Amendments to the Claims:**  reflected in the list that begins on page 2 of this paper.
**Remarks:**  begin on page 6 of this paper.

Appln. No. 19/036,972
Response Dated February 5, 2026
Reply to Office Action of September 5, 2025

**Amendments to the Claims**

This listing of claims will replace all prior versions, and listings, of claims in the application.

**Listing of Claims:**

1.      (currently amended) A protective sports glove having a palmar section configured to cover a palm of a hand, the protective sports glove comprising:

a unitary dorsal panel configured to attach to the palmar section and cover a back of the hand, the dorsal panel including

an integrally molded elastomeric member formed with a main section and at least two finger sections sharing a common zero-elevation surface and a patterned array of foam protective pads each defining an individual island raised from the zero-elevation surface, wherein the patterned array of foam protective pads includes a plurality of foam protective pads extending along each finger section of the at least two finger sections, wherein the foam protective pads within each finger section of the at least two finger sections are aligned end-to-end and separated from adjacent foam protective pads by interstitial channels, and

a border flange circumscribing the at least two finger sections of the dorsal panel, wherein the border flange protrudes outwardly from the zero-elevation surface at an acute bevel angle relative to the zero-elevation surface at the at least two ~~adjacent~~ finger sections.

2.      (original) The protective sports glove of claim 1, wherein the interstitial channels have a width within a range of from 1-4 mm.

3.      (currently amended) The protective sports glove of claim 1, wherein, within one or more of the interstitial channels, the zero-elevation surface defines an opening ~~define a vent~~.

4.      (currently amended) The protective sports glove of claim 1, wherein the interstitial channels have a width ~~a width~~ of approximately 2 mm.

Appln. No. 19/036,972
Response Dated February 5, 2026
Reply to Office Action of September 5, 2025

5.      (original) The protective sports glove of claim 1, wherein the dorsal panel includes a second border flange that protrudes from the main section parallel to the zero-elevation surface.

6.      (original) The protective sports glove of claim 1, wherein the acute bevel angle is within a range of 30-60 degrees relative to the zero-elevation surface.

7.      (original) The protective sports glove of claim 1, wherein each of the plurality of foam protective pads extending along a finger section of the at least two finger sections comprises non-parallel sides.

8.      (original) The protective sports glove of claim 1, wherein each of the plurality of foam protective pads extending along a finger section of the at least two finger sections has a trapezoidal cross-section.

9.      (original) The protective sports glove of claim 1, wherein each of the plurality of foam protective pads extending along a finger section of the at least two finger sections has an arched base configured to conform to a finger of the hand.

10.     (original) The protective sports glove of claim 1, wherein the interstitial channels are parallel-aligned along a slant pattern.

11.     (currently amended) The protective sports glove of ~~claim 9~~ <u>claim 10</u>, wherein the slant pattern comprises a slant angle within a range of 20-30 degrees relative to a lengthwise finger axis of the protective sports glove.

12.     (original) The protective sports glove of claim 1, wherein the border flange has a width within a range of 4-8 mm.

Appln. No. 19/036,972
Response Dated February 5, 2026
Reply to Office Action of September 5, 2025

13.    (original) The protective sports glove of claim 1, wherein the border flange defines a series of V-notches.

14.    (original) The protective sports glove of claim 1, wherein the patterned array of foam protective pads includes crescent-shaped pads.

15.    (original) The protective sports glove of claim 1, further comprising a mesh scrim material to which the dorsal panel is fused.

16.    (original) A protective sports glove comprising:

a palmar section configured to cover a palm of a hand; and

a dorsal panel attached to the palmar section and configured to cover a back of the hand,

wherein the dorsal panel comprises an integrally molded member having a main section and at least two finger sections,

wherein, within a finger section of the at least two finger sections, the integrally molded member defines a plurality of foam protective pads each comprising an individual island raised in an upward direction from a zero-elevation surface, with the foam protective pads aligned end-to-end and separated by interstitial channels, and

a border flange that protrudes away from the upward direction at a bevel angle relative to the zero-elevation surface.

17.    (currently amended) The protective sports glove of ~~claim 15~~ claim 16, wherein the bevel angle is within a range of 30-60 degrees relative to the zero-elevation surface.

18.    (currently amended) The protective sports glove of ~~claim 15~~ claim 16, wherein within the main section, the integrally molded member defines a second plurality of foam protective pads each comprising an individual island raised from a second zero-elevation surface, and a second border flange that protrudes from the main section parallel to the second zero-elevation surface.

Appln. No. 19/036,972
Response Dated February 5, 2026
Reply to Office Action of September 5, 2025

19.     (currently amended) The protective sports glove of ~~claim 15~~ <u>claim 16</u>, wherein the zero-elevation surface comprises one of a molded baseline layer or a scrim material.

20.     (original) A protective sports glove comprising:

an integrally molded dorsal panel having a main section and at least two finger sections, wherein, within a finger section of the at least two finger sections, the integrally molded dorsal panel defines

a plurality of foam protective pads each comprising an individual island raised in an upward direction from a zero-elevation surface, with the foam protective pads aligned end-to-end and separated by interstitial channels, and

a border flange that protrudes away from the upward direction at a bevel angle relative to the zero-elevation surface.

21.     (currently amended) The protective sports glove of ~~claim 19~~ <u>claim 20</u>, wherein the zero-elevation surface comprises one of a molded baseline layer or a scrim material.

Appln. No. 19/036,972
Response Dated February 5, 2026
Reply to Office Action of September 5, 2025

## REMARKS

Reconsideration of this application is respectfully requested in view of the foregoing amendments and the following remarks.

Claims 1-21 were pending in this application. In this Amendment, Applicant has amended claims 1, 3, 4, 11, 17-19, and 21, and has not canceled or added any claims. No new matter has been added. Accordingly, claims 1-21 will still be pending after entry of this Amendment.

The Office Action mailed September 5, 2025 rejected claims 1-17, 20, and 21 on the ground of nonstatutory obviousness-type double patenting. The Office Action also rejected claim 3 under 35 U.S.C. § 112(a) as allegedly lacking written description support, objected to claims 1, 4, 11, and 21 for minor informalities, and noted possible claim dependency changes. The Examiner suggested claim amendments to overcome the claim objections, which Applicant acknowledges with thanks. To the extent that those rejections and objections might still be applied to the currently pending claims, Applicant respectfully traverses the rejections and objections.

The following remarks are organized under subheadings corresponding to the issues raised in the Office Action.

### Double Patenting Rejection: Claims 1-17, 20, and 21

To advance prosecution, Applicant filed, and received approval of, an Electronic Terminal Disclaimer on February 5, 2025. Applicant respectfully submits that the approved Electronic Terminal Disclaimer overcomes the double patenting rejection.

### 35 U.S.C. § 112(a): Claim 3

To advance prosecution without prejudice to or disclaimer of the subject matter of the previously pending claims, Applicant has amended claim 3 to clarify that "within one or more of the interstitial channels, the zero-elevation surface defines an opening," support for which can be found in the present application, for example, at paragraph [00030] and in Figure 2, describing openings (e.g., interstices and perforations) in the zero-elevation surface 52, which openings may be located between pads 62 as shown in the upper right detail in Figure 2. In addition, paragraph [00030] describes that a zero-

Appln. No. 19/036,972
Response Dated February 5, 2026
Reply to Office Action of September 5, 2025

elevation surface 52 may be a scrim material and porous, and paragraph [00035] further teaches that venting may be provided through scrim material.

Accordingly, Applicant respectfully submits that the written description provides ample support for the features recited in amended claim 3, and that amended claim 3 complies with § 112(a) and overcomes the rejection.

### Claim Objections:  Claims 1, 4, 11, 17-19, and 21

Applicant appreciates the Examiner's identification of informalities in the claims and the opportunity to address those informalities. To advance prosecution, Applicant has amended claims 1, 4, 11, 17-19, and 21 consistent with the Examiner's suggestions at page 6 of the Office Action. Applicant respectfully submits that the claim amendments overcome the claim objections.

In view of the foregoing, all the claims in this case are believed to be in condition for allowance. Should the Examiner have any questions or determine that any further action is desirable to place this application in even better condition for issue, the Examiner is encouraged to telephone Applicant's undersigned representative at the number listed below.

Respectfully submitted,

PLUMSEA LAW GROUP, LLC

Dated:  February 5, 2026

By: _____/Steven P. Arnheim/_____
Steven P. Arnheim
Registration number: 43,475
Telephone number: 301-365-9040