# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STX, LLC, | |
| Plaintiff, | |
| v. | C.A. No.: 25-1359-JLH-EGT |
| STRINGKING, INC. | |
| Defendant. | |

## PLAINTIFF STX, LLC'S RESPONSE TO DEFENDANT STRINGKING, INC.'S <u>STATEMENT OF FACTS</u>

*Of Counsel:*

James K. Archibald
Special Counsel
STX, LLC
1500 Bush Street
Baltimore, MD 21230
Telephone: (443) 253-8833
jima@wmtburnett.com

Barry J. Herman
Julie C. Giardina
WOMBLE BOND DICKINSON (US) LLP
100 Light Street, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Barry.Herman@wbd-us.com
Julie.Giardina@wbd-us.com

Dated: May 4, 2026

Dana K. Severance (#4869)
Alexander P. Wharton (#7304)
WOMBLE BOND DICKINSON (US) LLP
1313 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Dana.Severance@wbd-us.com
Alexander.Wharton@wbd-us.com

*Attorneys for STX, LLC*

The Scheduling Order requires that "[a]ny motion for summary judgment shall be accompanied by a separate concise statement" of undisputed material facts. D.I. 22 ¶ 16(b). Defendant StringKing, Inc. ("StringKing") filed its Motion for Summary Judgment on Priority Date (D.I. 62; D.I. 63 ("Motion")) on April 9, 2026, without any such concise statement of facts ("CSOF"). On April 24, 2026, Plaintiff STX, LLC ("STX") timely filed its opposition (D.I. 64), per the Scheduling Order. Approximately one hour later, StringKing filed its CSOF (D.I. 65) and then subsequently emailed STX's counsel, characterizing the omission as a clerical error and advising that the CSOF had been filed. StringKing's CSOF was thus filed over two weeks after its Motion and only after STX had already submitted its opposition—rendering STX unable to address the CSOF in its brief. Prior to filing, StringKing made no attempt to contact STX to explain the omission or seek agreement on a procedure to address it. StringKing did not seek leave of Court for its belated filing; nor did it provide the Court with an explanation for the untimely submission. Instead, counsel simply docketed the CSOF and then suggested that STX should have alerted StringKing to its own noncompliance. It is not STX's responsibility to ensure that StringKing complies with the Scheduling Order.

The Court retains full authority to deny StringKing's Motion based on StringKing's failure to timely file its CSOF with its opening brief. *Amgen Inc. v. Hospira, Inc.*, No. 18-1064-CFC-CJB, 2021 WL 4935868, at *1 (D. Del. May 20, 2021) (denying defendant's motion for summary judgment for failing to include an assertion of an undisputed fact in its CSOF that it referenced in its briefing). Further, StringKing's after-the-fact filing effectively modified the Scheduling Order without leave of court, in contravention of Federal Rule of Civil Procedure 16(b)(4) and the procedures set forth in the Scheduling Order for making modifications thereto (*see* D.I. 22 ¶ 18).

Notwithstanding the foregoing, in the interest of judicial efficiency, STX hereby responds

1

to the untimely CSOF (D.I. 65) as dictated by the Scheduling Order (*see* D.I. 22 ¶ 16(b)).

1.      The asserted patent is U.S. Pat. No. 12,274,930 ("the '930 Patent"). D.I. 1 at ¶ 9.

        RESPONSE: Undisputed.

2.      The application leading to the '930 Patent is U.S. App. No. 17/681,152 ("the '152 Application"). D.I. 1-1 at 2, ln. 21.

        RESPONSE: Undisputed.

3.      The '152 Application is a CIP (continuation-in-part) of U.S. App. No. 16/241,454 ("the '454 Application"). D.I. 1-1 at 2, ln. 63.

        RESPONSE: Undisputed.

4.      During prosecution of the '454 Application, the PTO issued a final office action on August 25, 2021. Ex. 7 at 2.

        RESPONSE: Undisputed.

5.      That final office action included a final rejection that finally rejected a set of claims for lack of written description of the recited "a border flange and various limitations to the border flange." Ex. 7 at 4.

        RESPONSE: Disputed. The Section 112(a) rejection was limited to Claims 3-6, 8, 10, and 17-22 and did not extend to all pending claims. D.I. 68-14 at 3-4; D.I. 68-1 ¶ 6. Further, the rejection addressed whether those claims were supported by the original (grand) parent application, not whether the '454 Application itself provided adequate written description support for the border flange limitations as claimed in the '930 Patent. D.I. 68-14 at 3-4; D.I. 68-12 at 2, 11; D.I. 67 ¶¶ 86-89; D.I. 68-1 ¶¶ 5, 13-14.

6.      The applicant did not appeal the rejection, instead allowing the '454 Application to go abandoned. Ex. 9 at 2.

        RESPONSE: Disputed. Applicant filed a Reply to the final office action on January 25, 2022 including claim amendments and arguments traversing the section 112(a) rejection. STX notes that a reply to a final office action may include either an amendment or evidence placing the claims in condition for allowance, a Request for Continued Examination, or a Notice of Appeal.

There is no legal requirement that an applicant appeal a rejection in order to preserve the right to claim priority to a parent application's filing date in a subsequent continuation-in-part ("CIP"). Filing a CIP (or other continuing application) is a routine prosecution strategy and does not constitute or evidence acquiescence in the Examiner's rejection. D.I. 67 ¶¶ 21-22, 33-49, 81-89.

7.    Before allowing the '454 to go abandoned, the applicant filed the '152 Application. D.I. 1-1 at 2, ln. (63); Ex. 8.

RESPONSE: Undisputed.

8.    The '152 Application led to the issuance of the '930 patent. D.I. 1-1 at 1.

RESPONSE: Undisputed.

9.    All claims of the '930 patent recite border-flange limitations. D.I. 1-1 at cls. 1, 16, 17, 19.

RESPONSE: Undisputed.

10.    The '930 patent includes additional disclosure of a border flange beyond what was included in the '454 App. See, e.g., D.I. 1-1 at FIGs. 2, 5-8, 9, and cols. 9:53-10:45.

RESPONSE: Disputed. This characterization is misleading and constitutes legal argument, not a statement of undisputed material fact. The '930 Patent includes additional figures and descriptions illustrating exemplary embodiments of a border flange, but the addition of new figures and descriptions in a CIP application does not establish that the parent application lacked written description support for the claimed subject matter. New figures depicting exemplary embodiments do not defeat a priority claim where the disputed element was previously disclosed. *McGinley v. Luv N' Care Ltd.*, 819 Fed. Appx. 913, 924 (Fed. Cir. 2020) (figures were merely "examples showing that the . . . limitations being added to the claims during prosecution had been previously disclosed . . . in the prior applications"); D.I. 64 at 18. The '454 Application expressly discloses a border flange that "may be sloped, beveled or tapered outwardly away . . . from the finger-receiving sections 27, 28, 29, 30, and relative to the zero-elevation surface." D.I. 68-17 ¶ [0050]; D.I. 68-1 ¶¶ 5, 7, 10, 12-14; D.I. 67 ¶¶ 53-76.

3

11.     During prosecution of the asserted patent, the USPTO determined that the effective filing date of any claim reciting a "bevel angle" was the application's filing date of February 25, 2022. *See* Ex. 10. *See, also*, D.I. 40 at 3 (STX acknowledging that in "a March 28, 2024 Office Action, the Examiner stated '[t]he effective filing date of claim 1 and its dependent claims is 2/25/22 as claim 1 recites a bevel angle.'").

RESPONSE: Disputed. The Examiner's statement regarding the effective filing date was an initial assumption for qualifying the Examiner's cited prior art, not a formal "determination" by the USPTO. The Examiner never rejected any claim on priority grounds, never analyzed written description support for the bevel angle limitation, and never provided any rationale for the Applicant to respond to regarding the priority date. D.I. 68-1 ¶¶ 7-14; D.I. 67 ¶¶ 26-30. StringKing's characterization of this statement as a USPTO "determination" is inaccurate and misleading. Moreover, the quoted language from D.I. 40 is taken from a disqualification brief, not from STX's position on the merits of the priority date dispute, and the same brief expressly stated that the claims of the '930 Patent "are at least entitled to a priority date of January 7, 2019." D.I. 40 at 1 n.1, 3; D.I. 68-1 ¶¶ 15-16.

12.     STX "chose as a matter of strategy to accept allowable subject matter, and did not respond to, contest, or make any additional disclosures in view of the Examiner's statement regarding the effective filing date." D.I. 40 at 3.

RESPONSE: Disputed. This statement is a selective quotation from STX's disqualification reply brief (D.I. 40) that was made in the context of describing prosecution counsel's conduct for purposes of establishing the disqualification basis, not as an admission regarding the merits of the priority date dispute. D.I. 40 at 1 n.1, 3; D.I. 68-1 ¶¶ 15-16. STX has consistently maintained that the '930 Patent claims are entitled to an earlier priority date. *Id.* Moreover, STX has been unable to consult with Mr. Scott Lloyd—the attorney who prosecuted the '930 Patent and who made the prosecution decisions at issue—because Mr. Lloyd is a partner at the firm currently representing StringKing, and STX's pending Motion to Disqualify (D.I. 23) has prevented STX from communicating with him without risking disclosure of privileged strategy and work-product

protections. D.I. 68-1 ¶ 19. Until the disqualification motion is resolved, the full reasoning behind the prosecution decisions that StringKing seeks to characterize as an "admission" remains unavailable to STX.

13.     Claim 1 of the '930 patent recites a "border flange protruding outward from said zero-elevation surface around said finger sections, and protruding outward at an acute bevel angle relative to said zero-elevation surface around at least four of said adjacent finger sections." D.I. 1-1 at cl. 1.

RESPONSE: Undisputed.

14.     Claim 16 recites a "border flange protruding outward from said zero-elevation surface around said adjacent finger sections, and protruding outward at an acute bevel angle relative to said zero-elevation surface around at least four adjacent finger sections." D.I. 1-1 at cl. 16.

RESPONSE: Undisputed.

15.     Claim 17 recites a "border flange protruding from said zero-elevation surface at an acute bevel angle relative thereto around at least two adjacent finger sections." D.I. 1-1 at cl. 17.

RESPONSE: Undisputed.

16.     The '454 parent application does not provide written description support for an "acute bevel angle" or "bevel angle." *See* Ex. 12.

RESPONSE: Disputed. This is a contested legal conclusion, not an undisputed material fact. The '454 Application expressly discloses a border flange that "may be sloped, beveled or tapered outwardly away (see FIG. 6 bottom) from the finger-receiving sections 27, 28, 29, 30, and relative to the zero-elevation surface." D.I. 68-17 ¶ [0050]. A surface "beveled" relative to another surface necessarily forms an angle—a bevel angle—and an angle less than 90 degrees is, by definition, acute. D.I. 67 ¶¶ 53-76; D.I. 68-1 ¶¶ 10, 12. Written description does not require the specification to use the exact claim terms.

17. The '930 patent describes a sectioned border flange that includes at least two sections labeled 166a and 166b. D.I. 1-1 at FIG. 2. The '930 patent describes a sectioned border flange. D.I. 1-1 at col. 7, ll. 55-63 ("a first (grey-shaded) section 166a of the border flange 166 surrounding four fingers protrudes at the acute bevel angle . . . , and a second (grey-shaded) section surrounding the thumb protrudes at the same acute bevel angle . . . . All other sections 166b of the border flange 166 (not grey shaded) protrude horizontal to the zero-elevation surface 54."). The full scope of the recited "border flange" laminations (sic) in the claims of the '930 patent are broad enough to include the border flange described in the '930 patent.

RESPONSE: Disputed. StringKing's characterization of the claims as encompassing a "sectioned" border flange is an improper claim construction argument presented as a statement of fact. The claims recite a border flange "protruding outward at an acute bevel angle relative to said zero-elevation surface around . . . said adjacent finger sections" (D.I. 68-6 at cls. 1-19), they do not recite a "sectioned" border flange. StringKing improperly asks the Court to construe the claims as necessarily covering a hypothetical embodiment and then deny priority because the parent application does not specifically disclose it. D.I. 67 ¶¶ 77-79. This argument cannot be resolved without claim construction, which is not scheduled until August 2026. D.I. 68-1 ¶ 17.

18. The '454 application does not provide written description support for a sectioned border flange. Ex. 12.

RESPONSE: Disputed. This is a contested legal conclusion premised on StringKing's unsupported claim construction of a "sectioned" border flange, a term that does not appear in any claim of the '930 Patent. D.I. 67 ¶¶ 77-79; D.I. 68-6 at cls. 1-19. The '454 Application discloses a border flange surrounding the finger-receiving sections that may be "sloped, beveled or tapered outwardly away . . . from the finger-receiving sections 27, 28, 29, 30, and relative to the zero-elevation surface," which provides adequate written description support for the border flange as claimed. D.I. 68-17 ¶ [0050]; D.I. 67 ¶¶ 53-79; D.I. 68-1 ¶¶ 10-14.

19. The filing date of the asserted patent is February 25, 2022. D.I. 1-1 at 1, ln. (22).

RESPONSE: Undisputed.

The Scheduling Order permits that the party opposing summary judgment may include with its opposing papers a separate concise statement setting forth material facts as to which the opposing party contends there is a genuine issue to be tried. D.I. 22 ¶ 16(b). Although StringKing failed to file its COSF with its Motion, STX included its own separate concise statement of disputed material facts with its Answering Brief. *See* D.I. 68-1. STX has not revised that submission in light of StringKing's belated CSOF, but its contents remain responsive and identify the material facts as to which STX contends genuine issues exist. *Id.*

Dated: May 4, 2026

*Of Counsel:*

James K. Archibald
Special Counsel
STX, LLC
1500 Bush Street
Baltimore, MD 21230
Telephone: (443) 253-8833
jima@wmtburnett.com

Barry J. Herman
Julie C. Giardina
WOMBLE BOND DICKINSON (US) LLP
100 Light Street, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Barry.Herman@wbd-us.com
Julie.Giardina@wbd-us.com

Respectfully submitted,

*/s/ Dana K. Severance*
Dana K. Severance (#4869)
Alexander P. Wharton (#7304)
WOMBLE BOND DICKINSON (US) LLP
1313 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Dana.Severance@wbd-us.com
Alexander.Wharton@wbd-us.com

*Attorneys for STX, LLC*

7